```
 1
 2
 3
 4
 5
 6
 7                    IN THE UNITED STATES DISTRICT COURT
 8                   FOR THE EASTERN DISTRICT OF CALIFORNIA
 9  DARRELL JOHNSON,
10           Plaintiff,                  No. CIV S-10-0699 GGH P
11      vs.
12  WARDEN MARTEL, et al.,
13           Defendants.                 ORDER
14  _____/
```

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.

On March 19, 2010, the United States District Court for the Northern District transferred this action to this court. In the transfer order, the Northern District Court noted that the complaint contained two distinct claims. In one claim, plaintiff alleged constitutional errors at his trial which he alleged entitled him to release and damages. In the second claim, plaintiff alleged that he had not received adequate medical care at Mule Creek State Prison. The Northern District Court dismissed the claims alleging constitutional errors at trial. Accordingly, only the claims alleging inadequate medical care were before the undersigned.

On April 5, 2010, the complaint was dismissed and plaintiff was granted leave to file an amended complaint. Plaintiff filed an amended complaint on May 21, 2010.

\\\\\

1  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

While the previous complaint only named Warden Martel, the only defendant now named in the amended complaint is Dr. Todd. Plaintiff alleges that he had a hernia problem but Dr. Todd stated plaintiff did not have a hernia problem. Plaintiff states that he continued to have pain in his lower abdomen and another doctor stated there was a small hernia. However, plaintiff has not indicated if he was treated for the hernia by the other doctor or if that diagnosis was accurate.

Plaintiff has set forth insufficient details regarding Dr. Todd's treatment. While plaintiff's allegations may rise to the level of a claim of deliberate indifference, more information is required concerning Dr. Todd's treatment and the extent of that treatment. Plaintiff's amended complaint will be dismissed with leave to file a second amended complaint within twenty-eight days of service of this order.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

1    Moreover, a physician need not fail to treat an inmate altogether in order to violate
2 that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.
3 1989). A failure to competently treat a serious medical condition, even if some treatment is
4 prescribed, may constitute deliberate indifference in a particular case. Id.

5    Additionally, mere delay in medical treatment without more is insufficient to state
6 a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766
7 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is
8 no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing
9 Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-
10 1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends
11 to provide additional support for a claim of deliberate indifference; however, it does not end the
12 inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the
13 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
14 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of
15 the defendant." McGuckin, 974 F.2d at 1061.

16    Superimposed on these Eighth Amendment standards is the fact that in cases
17 involving complex medical issues where plaintiff contests the type of treatment he received,
18 expert opinion will almost always be necessary to establish the necessary level of deliberate
19 indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988). Thus, although there
20 may be subsidiary issues of fact in dispute, unless plaintiff can provide expert evidence that the
21 treatment he received equated with deliberate indifference thereby creating a material issue of
22 fact, summary judgment should be entered for defendants. The dispositive question on this
23 summary judgment motion is ultimately not what was the most appropriate course of treatment
24 for plaintiff, but whether the failure to timely give a certain type of treatment was, in essence,
25 criminally reckless.
26 \\\\\

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within twenty-eight days from the date of service of this order. Failure to file a second amended complaint will result in a recommendation that the action be dismissed.

DATED: July 13, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
john699.b2